FILED
13th JUDICIAL DISTRICT COURT
Valencia County
8/9/2019 1:17 PM
PHILLIP ROMERO
CLERK OF THE COURT

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

ANA LOPEZ, as the Personal Representative
of the Estate of Luis Lopez, Deceased,

      Plaintiff,

v.                             Case No. D-1314-CV-2019-00974

THE CITY OF BELEN, SCOTT CONNER,
and LEONA VIGIL, in their
individual and official capacities,

      Defendants.

## COMPLAINT FOR VIOLATIONS OF FIRST AMENDMENT FREE-SPEECH AND ASSOCIATIONAL RIGHTS UNDER 42 U.S.C. § 1983

COMES NOW Plaintiff Ana Lopez, as the Personal Representative of the Estate of Luis Lopez, Deceased, and brings this action under 42 U.S.C. § 1983 for damages arising from Defendants' violation of Luis Lopez's rights under the First Amendment to associate with a labor organization and to engage in protected free-speech activities.

        I.      **Parties, Jurisdiction and Venue**

    1.    Plaintiff Ana Lopez is the mother of Luis Lopez, deceased. She has been appointed the Personal Representative of the Estate of Luis Lopez by the Bernalillo County Probate Court pursuant to the New Mexico Probate Code. As such, she has standing to sue to bring this claim on behalf of the Estate of Luis Lopez.

    2.    Luis Lopez, deceased, was an employee of the City of Belen, acting as a Sergeant in the Police Department. He was also the President of the local union, AFSCME, Local 601.

    3.    Defendant City of Belen is a local governmental entity subject to suit under 42 U.S.C. § 1983.

**EXHIBIT A**

4.      Defendant Scott Conner was, at all relevant times, the Police Chief of the Belen Police Department.  At all times relevant, and in all actions described herein, he was acting under the color of state law and pursuant to the policy of the City of Belen.  He is being sued in his individual and official capacities.

5.      Defendant Leona Vigil was, at all relevant times, the City Manager of the City of Belen.  At all times relevant, and in all actions described herein, she was acting under the color of state law and pursuant to the policy of the City of Belen.  She is being sued in her individual and official capacities.

6.      This Court has personal jurisdiction over Defendants and subject matter jurisdiction over the suit.

7.      Venue is proper in this Court.  See NMSA 1978, § 38-3-1(A) (1988).

## II.     General Factual Allegations

8.      Until his termination on August 9, 2017, Luis Lopez was a Sergeant with the Belen Police Department.  He was passionate about his profession as a police officer and loved his job.

9.      Luis Lopez was instrumental in organizing the Belen Police Department and bringing AFSCME in as the Union, and was its President at the time of his termination.  He was passionate about his work in and for the Union.

10.     On or about May 10, 2017, Luis Lopez, on the collective behalf of his fellow union members and as the President of the Union, prepared and sent a letter reporting a vote of no confidence in Deputy Chief Robert Miller.  That letter was sent to the Mayor, City Councilors, and City Manager of the City of Belen.  The letter identified issues of mismanagement of the police force as well as Deputy Chief Miller's interactions with the public.

11. Luis Lopez was proposed for termination on July 18, 2017. The termination is a direct result of protected union activity described above and, incredibly, the Notice of Termination actually identifies protected union activity as the basis for termination: "(Lopez) was not honest and forthcoming <u>with members of the union about the issues he represented</u> …" The proposed discipline claimed, falsely, that he had mislead and coerced the officers in preparing the vote of no confidence.

12. The contemplated discipline was in clear retaliation for Luis Lopez's involvement with the Union, his having filed previous Prohibited Practices Charges against the City, and his protected Union and First-Amendment activity described above.

13. On July 19, 2017, the day after the proposed notice of termination was issued, the Union filed a Prohibited Practices Complaint with the City of Belen's Labor-Management Relations Board, alleging discrimination against Luis Lopez because of his membership in the Union and retaliation against him in order to discourage his, and other employees', membership in the Union.

14. Two days later, on July 21, 2017, Defendant Scott Conner purported to rescind his prior Notice of Intent for Disciplinary Action.

15. Three days after that, on July 24, 2017, the City issued to Sgt. Lopez a revised termination letter, this one titled Notice of Predetermination Meeting and Contemplated Action. The wording of the Notice was altered from the previous letter, omitting the language quoted above but nonetheless punishing Sgt. Lopez for that same alleged behavior.

16. Luis Lopez was terminated on August 9, 2017. Defendant Leona Vigil made the final termination decision.

17. Unfortunately, this is not the first time the City had proposed termination for Luis Lopez's protected union activity. On August 18, 2014, the City purported to terminate his employment for various claimed infractions. Incredibly, the original recommended decision for his alleged infractions was a suspension. However, after he brought a union representative to the pre-determination hearing, and in direct retaliation for him doing so, the City increased the discipline to a termination. (The matter was resolved after Luis Lopez grieved the decision).

18. Unfortunately, the retaliation against Luis Lopez continued after his employment was terminated. Indeed, Defendants instituted proceedings with the state Law Enforcement Academy, seeking to revoke his certification as a police officer. This action was based on the same false claims by Defendants that led to his termination, and was in further retaliation for his exercise of his First Amendment speech and association rights.

19. Additionally, Defendants interfered in Luis Lopez's ability to find other employment in his chosen profession. Indeed, Luis Lopez was told that he had a target on his back due to his activities at the Belen Police Department. As a result, despite getting interviews for jobs in law enforcement, he was never able to find such a position.

20. It is evident from the consistency of their retaliation against Luis Lopez for his Union activity that, despite its illegality, Defendant City of Belen has an unwritten—but nevertheless very real—policy of anti-union and anti-First Amendment retaliation.

21. The City has a Labor-Management Relations Board which heard claims brought by the Union that Luis Lopez's termination lacked just cause and violated the City's Labor-Management Relations Ordinance. Unfortunately, despite the intent of the Ordinance creating the Board, the Board's hearing process dragged on until February 1, 2019—more than a year after the termination of Luis Lopez's employment.

22. The Labor Board concluded that Defendant City of Belen had coerced employees by interrogating them regarding their union business, by terminating Luis Lopez for his protected activities, and that "the allegations made by the City of Belen, as against Sergeant Luis Lopez, constituted improper pretext for the termination of Sergeant Lopez."

23. As a direct and proximate result of Defendants' actions described above taken in retaliation for his First Amendment rights, Luis Lopez suffered anxiety, depression and mental anguish.

24. Sadly, on or about January 10, 2019, as a direct and proximate result of the anxiety, depression and mental anguish caused by Defendants' actions described above, Luis Lopez committed suicide.

25. In Plaintiff Ana Lopez's last conversation with her son before his unfortunate death, Luis Lopez asked her if she thought that when the Board finally would issue its ruling on his case, he would be able to return to the profession and job that he loved with the City of Belen's Police Department. She reminded him that, unfortunately, they might appeal any determination by the Labor Board.

### Causes of Action

### Count I: Violations of Luis Lopez's First Amendment
### Right to Associate with the Union (pursuant to 42 U.S.C. § 1983)

26. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

27. Luis Lopez had a constitutional right to associate with a labor union, such as AFSCME Local 601, under the First Amendment to the United States Constitution.

28. Since at least 1990, and probably much earlier, it has been "clearly established" that retaliating against an employee for participating in a union violates the First Amendment. As

such, Defendants are not entitled to the defense of qualified immunity. *See Morfin v. Albuquerque Public School*, 906 F.2d 1434 (10th Cir. 1990).

29. As detailed above, Luis Lopez exercised his right to associate with AFSCME Local 601.

30. As detailed above, Defendants deprived Luis Lopez of this right by retaliating against him for its exercise.

31. As a direct and proximate result of this deprivation, Luis Lopez had his employment with the City of Belen terminated, could not find employment in his chosen profession, suffered pain and anguish, and, ultimately, committed suicide.

32. As a direct and proximate result of this deprivation, Luis Lopez has suffered damages in an amount to be determined at trial.

33. The right of action for violations of constitutional rights under 42 U.S.C. § 1983, where death has resulted from those violations, belongs to the estate of the deceased. *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990); *Lee v. New Mexico Interstate Agreement on Detainers*, 2006 WL 8443592 (D.N.M. 2006).

34. The Defendants' actions and omissions were intentional, willful, wanton and in reckless disregard of the Plaintiffs' rights and entitle the Plaintiffs to an award of punitive damages in an amount to be determined by the finder of fact.

**Count II:  Violations of Luis Lopez's First Amendment
Right of Speech on Matters of Public Concern (pursuant to 42 U.S.C. § 1983)**

35. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

36. Luis Lopez had a constitutional right to speak on matters of a public concern under the First Amendment to the United States Constitution.

37. As detailed above, he exercised that right to speak on matters of public concern by preparing and presented a letter and vote of no confidence in the Deputy Chief.

38. As detailed above, Defendants deprived Luis Lopez of this right by retaliating against him for its exercise.

39. As a direct and proximate result of this deprivation, Luis Lopez had his employment with the City of Belen terminated, could not find employment in his chosen profession, suffered pain and anguish, and, ultimately, committed suicide.

40. As a direct and proximate result of this deprivation, Luis Lopez has suffered damages in an amount to be determined at trial.

41. The right of action for violations of constitutional rights under 42 U.S.C. § 1983, where death has resulted from those violations, belongs to the estate of the deceased. *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990); *Lee v. New Mexico Interstate Agreement on Detainers*, 2006 WL 8443592 (D.N.M. 2006).

42. The Defendants' actions and omissions were intentional, willful, wanton and in reckless disregard of the Plaintiffs' rights and entitle the Plaintiffs to an award of punitive damages in an amount to be determined by the finder of fact.

43. Since at least 1990, and probably much earlier, it has been "clearly established" that retaliating against an employee for speaking on a matter of public concern violates the First Amendment. As such, Individual Defendants are not entitled to the defense of qualified immunity. *See Morfin v. Albuquerque Public School*, 906 F.2d 1434 (10th Cir. 1990).

## Jury Demand

Plaintiffs demand a trial by jury on all counts for which a jury trial is permitted.

**Request for Relief**

WHEREFORE, for the foregoing reasons, Plaintiff prays for the following relief:

a) Damages in an amount to be determined at trial;

b) Payment of costs of suit herein;

c) Attorneys' fees;

d) Compensatory and Punitive damages for the violations of Plaintiffs' constitutional rights described above;

e) An award of pre-judgment and post-judgment interest; and

f) For other and further relief as the Court may deem just and proper.

Dated: August 9, 2019                    Respectfully submitted,

                                         YOUTZ & VALDEZ, P.C.

                                         _____/s/ Shane Youtz_____
                                         Shane C. Youtz
                                         shane@youtzvaldez.com
                                         Stephen Curtice
                                         stephen@youtzvaldez.com
                                         James A. Montalbano
                                         james@youtzvaldez.com
                                         900 Gold Avenue SW
                                         Albuquerque, NM  87102
                                         (505) 244-1200
                                         *Attorneys for Plaintiffs*

| SUMMONS | FILED<br>13th JUDICIAL DISTRICT COURT<br>Valencia County<br>8/21/2019 11:01 AM<br>PHILLIP ROMERO<br>CLERK OF THE COURT |
|---|---|
| THIRTEENTH JUDICIAL DISTRICT COURT<br>COUNTY OF VALENCIA<br>STATE OF NEW MEXICO<br><br>COURT ADDRESS:<br>1835 HWY 314 SW<br>LOS LUNAS, NM 87031<br>COURT TELEPHONE NUMBER:<br>(505) 865-4639 | Case No. D-1314-CV-2019-00974<br><br>JUDGE: The Honorable Cindy M. Mercer |
| Ana Lopez, as the Personal Representative of the Estate of Luis Lopez, Deceased,<br>         Plaintiff,<br><br>v.<br><br>The City of Belen, Scott Conner, and Leona Vigil, in their individual and official capacities,<br>         Defendants. | To:   City of Belen |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that:
1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you were served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; or 1-800-876-6657; or 1-505-797-6066.

Dated at **LOS LUNAS**, New Mexico, this ___ day of **8/9/2019**, 2019.
PHILLIP ROMERO,
CLERK OF COURT
By: **/s/ Jane Yarbrough**
    Deputy

/s/ Shane Youtz
Signature of Attorney for Plaintiff
Shane Youtz (shane@youtzvaldez.com)
Stephen Curtice (stephen@youtzvaldez.com)
James Montalbano (james@youtzvaldez.com)
YOUTZ & VALDEZ, P.C.
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone

[SEAL – DISTRICT COURT CLERK, VALENCIA, NEW MEXICO]

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO   )
                     ) ss.
COUNTY OF Valencia   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in Valencia county on the 16 day of Aug, 2019 by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ] to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____ (*insert Defendant's business address*) and by mailing the Summons and Complaint by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*)

[X] to Roseann Peralta, an agent authorized to receive service of process for Defendant City of Belen.

[ ] to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $16.18

Signature of Person Making Service

Title (if any): Process Server

Subscribed and sworn to before me this 20 day of Aug, 2019

(Seal)

My commission expires: 2/16/20

OFFICIAL SEAL
Jacqueline Lopez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 2/16/20

Judge, Notary or Other Officer Authorized to Administer Oaths

Official Title: Notary

| SUMMONS | |
|---|---|
| THIRTEENTH JUDICIAL DISTRICT COURT<br>COUNTY OF VALENCIA<br>STATE OF NEW MEXICO<br><br>COURT ADDRESS:<br>1835 HWY 314 SW<br>LOS LUNAS, NM 87031<br>COURT TELEPHONE NUMBER:<br>(505) 865-4639 | Case No. D-1314-CV-2019-00974<br><br>FILED<br>13th JUDICIAL DISTRICT COURT<br>Valencia County<br>8/21/2019 11:01 AM<br>PHILLIP ROMERO<br>CLERK OF THE COURT<br><br>JUDGE: The Honorable Cindy M. Mercer |
| Ana Lopez, as the Personal Representative of the Estate of Luis Lopez, Deceased,<br>          Plaintiff,<br><br>v.<br><br>The City of Belen, Scott Conner, and Leona Vigil, in their individual and official capacities,<br>          Defendants. | To:   Scott Conner, in his individual and official capacity |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you were served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; or 1-800-876-6657; or 1-505-797-7066.

Dated at **LOS LUNAS**, New Mexico, this ___ day of **8/9/2019**, 2019.
PHILLIP ROMERO,
CLERK OF COURT
By: **/s/ Jane Yarbrough**
     Deputy

                                              /s/ Shane Youtz
                                              Signature of Attorney for Plaintiff
                                              Shane Youtz (shane@youtzvaldez.com)
                                              Stephen Curtice (stephen@youtzvaldez.com)
                                              James Montalbano (james@youtzvaldez.com)
                                              YOUTZ & VALDEZ, P.C.
                                              900 Gold Ave. SW
                                              Albuquerque, NM 87102
                                              (505) 244-1200 – Telephone

[SEAL: DISTRICT COURT CLERK, VALENCIA, NEW MEXICO]

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
) ss.
COUNTY OF Valencia )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in Valencia county on the 16 day of Aug, 2019, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ] to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____ (*insert Defendant's business address*) and by mailing the Summons and Complaint by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*)

[X] to Roseann Peralta, an agent authorized to receive service of process for Defendant Scott Conner,

[ ] to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $108.18

Signature of Person Making Service

Process Server
Title (if any)

Subscribed and sworn to before me this 20 day of Aug, 2019

(Seal)

Jacqueline Lopez
Judge, Notary or Other Officer
Authorized to Administer Oaths

My commission expires:
2/16/20

OFFICIAL SEAL
Jacqueline Lopez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 2/16/20

Notary
Official Title

| SUMMONS | |
|---|---|
| THIRTEENTH JUDICIAL DISTRICT COURT<br>COUNTY OF VALENCIA<br>STATE OF NEW MEXICO<br><br>COURT ADDRESS:<br>1835 HWY 314 SW<br>LOS LUNAS, NM 87031<br>COURT TELEPHONE NUMBER:<br>(505) 865-4639 | Case No. D-1314-CV-2019-00974<br><br>FILED<br>13th JUDICIAL DISTRICT COURT<br>Valencia County<br>8/21/2019 11:01 AM<br>PHILLIP ROMERO<br>CLERK OF THE COURT<br><br>JUDGE: The Honorable Cindy M. Mercer |
| Ana Lopez, as the Personal Representative of the Estate of Luis Lopez, Deceased,<br>Plaintiff,<br><br>v.<br><br>The City of Belen, Scott Conner, and Leona Vigil, in their individual and official capacities,<br>Defendants. | To: **Leona Vigil, in her individual and official capacity** |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that:
1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you were served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; or 1-800-876-6657; or 1-505-797-6066.

Dated at LOS LUNAS , New Mexico, this ___ day of 8/9/2019 , 2019.
PHILLIP ROMERO,
CLERK OF COURT
By: /s/ Jane Yarbrough
       Deputy

/s/ Shane Youtz
Signature of Attorney for Plaintiff
Shane Youtz (shane@youtzvaldez.com )
Stephen Curtice (stephen@youtzvaldez.com)
James Montalbano (james@youtzvaldez.com)
YOUTZ & VALDEZ, P.C.
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone



THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
COUNTY OF Valencia ) ss.
)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in Valencia county on the 16 day of Aug, 2019 by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the Defendant _____ (used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint)

[ ] to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (used when the Defendant is not presently at place of abode) and by mailing by first class mail to the Defendant at _____ (insert Defendant's last known mailing address) a copy of the Summons and Complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____ (insert Defendant's business address) and by mailing the Summons and Complaint by first class mail to the Defendant at _____ (insert Defendant's last known mailing address)

[X] to Roseann Peralte, an agent authorized to receive service of process for Defendant Leona Vigil

[ ] to _____ [parent] [guardian] [custodian] [conservator] [guardian ad litem] of Defendant _____, (used when Defendant is a minor or an incompetent person).

[ ] to _____ (name of person), _____ (title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: $16.18

_____
Signature of Person Making Service

Process Server
Title (if any)

Subscribed and sworn to before me this 20 day of Aug, 2019

(Seal)

_____
Judge/Notary or Other Officer
Authorized to Administer Oaths

Notary
Official Title

My commission expires:
2/16/20

OFFICIAL SEAL
Jacqueline Lopez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 2/16/20